## EX PARTE MORGAN & Another.

ORIGINAL.

Argued March 30, 31, 1885.—Decided April 6, 1885.

A writ of mandamus may be used to require an inferior court to decide a matter within its jurisdiction, and pending before it for judicial determination, but not to control the decision.

The plaintiff in the suit below, believing that the judgment as recorded did not conform to the finding, moved the court to amend it in that particular. The court heard and denied the motion: *Held*, That this was a judicial act which could not be reviewed by mandamus.

This was an application for a writ of mandamus. The facts which make the case are stated in the opinion of the court.

*Mr. Edward Roby* for petitioner.

*Mr. William H. Calkins*, (*Mr. A. L. Osborn* and *Mr. A. C. Harris* were with him), opposing.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an application for a writ of mandamus requiring the Circuit Court of the United States for the District of Indiana to amend a judgment entered January 20, 1883, in a cause wherein the relators were plaintiffs and Frederick Eggers, defendant, "so as to conform to the complaint in said cause, and to the finding or verdict of the court rendered upon the trial of said cause."

The suit was ejectment to recover the possession of : "all of the north part of lot 2, in sec. 36, T. 38, N. R. 10 W. of the second principal meridian, which lies west of the track of the Lake Shore and Michigan Southern Railroad, and north of a line parallel with the north line of said lot 2, and seven hundred and fifty-three feet south therefrom."

The judgment entry, which includes the only finding in the case, is as follows :

"And the court, having heard the evidence and being fully

advised, finds for the plaintiffs, and orders and adjudges that they are entitled to, and shall have and recover of defendant, the possession of so much of said lot two (2) as lies south of the south line of lot number one (1), as indicated by a fence constructed and maintained by the defendant as and on said south line, said fence running from the State line easterly to Lake Michigan, and assessing the damages at $1 and costs taxed at $—, which the plaintiffs shall recover of defendant. All of which is finally ordered, adjudged, and decreed."

After this entry the petitioner moved the court to amend and reform the judgment so that it would "conform to the complaint in said court and to the finding or verdict;" but the court, on full consideration, decided that the finding and judgment were not separate and distinct, and that the meaning was clear. The entry was to be construed as finding and adjudging that the plaintiffs were only entitled to recover the possession of so much of the premises sued for as lies south of the fence indicated. For this reason the motion was denied.

It is, an elementary rule that a writ of mandamus may be used to require an inferior court to decide a matter within its jurisdiction and pending before it for judicial determination, but not to control the decision. *Ex parte Flippin*, 94 U. S. 350; *Ex parte Railway Co.*, 101 U. S. 720; *Ex parte Burtis*, 103 U. S. 238. Here a judgment has been rendered and entered of record by the Circuit Court in a suit within its jurisdiction. The judgment is the act of the court. It is recorded ordinarily by the clerk as the ministerial officer of the court, but his recording is in legal effect the act of the court, and subject to its judicial control. The clerk records the judgments of the court, but does not thereby render the judgments. If there is error in the judgment as rendered it cannot be corrected by mandamus, but resort must be had to a writ of error or an appeal. *Ex parte Loring*, 94 U. S. 418; *Ex parte Perry*, 102 U. S. 183.

If a clerk in performing the ministerial act of recording a judgment has committed an error, the court may on motion at the proper time correct it, or it may do so in a proper case upon its own suggestion without waiting for the parties. Here

the plaintiffs, believing that the judgment as recorded did not conform to the finding, moved the court to amend it in that particular. This motion the court entertained, but, being of the opinion that the judgment had been correctly recorded, refused the amendment which was asked. In this the court acted judicially, and its judgment on the motion can no more be reviewed by mandamus than that which was originally entered in the cause.

*The writ is denied with costs.*