## *In re* ATLANTIC CITY RAILROAD.

ORIGINAL.

Submitted December 7, 1896. — Decided January 4, 1897.

The power of this court to issue a writ of *mandamus* to an inferior court is well settled, but, as a general rule, it only lies where there is no other adequate remedy, and cannot be availed of as a writ of error.

The objection to the jurisdiction in the Circuit Court, presented by filing the demurrer for the special and single purpose of raising it, would not be waived by answering to the merits upon the demurrer being overruled.

THE case is stated in the opinion.

*Mr. William Houston Kenyon* for petitioner.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This is an application for leave to file a petition for a writ of *mandamus*. The petition states that the Atlantic City Railroad Company is a corporation created, organized and existing under the laws of the State of New Jersey; that May 20, 1896, a bill in equity was filed by the Union Switch and Signal Company and the Fidelity Title and Trust Company, corporations organized and existing under the laws of Pennsylvania, against petitioner and Joseph S. Harris, its president, defendants, in the United States Circuit Court for the Eastern District of Pennsylvania, for the alleged infringement of certain letters-patent for improvements in electrical signalling apparatus; that July 6, 1896, petitioner appeared specially for the purpose of objecting to the jurisdiction of the court, and, on August 3, filed a demurrer raising the question, and on the same day defendant Harris also filed a demurrer to the bill of complaint; that petitioner's demurrer was overruled and defendant Harris was granted permission to withdraw his demurrer, if he so elected.

That by virtue of the order overruling the demurrer petitioner is required, "as it is advised and believes, to enter a general appearance by the 28th day of December, 1896, and

file an answer by the fourth day of January, 1897, or within other reasonable time fixed by the court, or an interlocutory decree will be issued against it directing the issuance of an injunction against it and awarding damages and costs and an accounting." That petitioner has a defence on the merits which is an adequate and complete answer to the bill; "that it is advised and believes that it has no adequate remedy by appeal"; and "that if it enters a general appearance or files an answer in said case, it will thereby and by that act and fact forever waive all objection to the jurisdiction of said court, and this court will be forever ousted of its jurisdiction to determine the jurisdiction of said court in said case, and that, accordingly, your petitioner has no adequate remedy unless this court will grant the mandamus as herein petitioned."

The prayer was for a writ of mandamus directed to the judges of the Circuit Court of the United States for the Eastern District of Pennsylvania, commanding them to dismiss, "as against your petitioner," the bill of complaint in the suit, and "to vacate, as against your petitioner, the said order of November 24, 1896, overruling the said demurrer of your petitioner, and to enter a decree to that effect, all as prayed for."

Copies of the bill of complaint, the special appearance, the demurrer and of the order overruling the demurrer and granting leave to withdraw the demurrer of Harris, without prejudice, were annexed. The bill of complaint showed complainants to be corporations of Pennsylvania and citizens thereof; the defendant, the Atlantic City Railroad Company, to be a corporation and citizen of New Jersey, having its principal office at Philadelphia, and defendant Harris, its president, to be a citizen of Pennsylvania.

Petitioner's demurrer showed for cause "that it appears upon the face of said bill of complaint that this court has no jurisdiction over the person of this defendant the Atlantic City Railroad Company, as it appears upon the face of the said bill of complaint that this defendant is not an inhabitant or citizen of the Eastern District of Pennsylvania or the State

of Pennsylvania, but is an inhabitant and citizen of the district and State of New Jersey."

The general power of the court to issue a writ of *mandamus* to an inferior court, to take jurisdiction of a cause when it refuses to do so, is settled by a long train of decisions; but mandamus only lies, as a general rule, where there is no other adequate remedy; nor can it be availed of as a writ of error. *In re Pennsylvania Co., Petitioner*, 137 U. S. 451; *In re Morrison, Petitioner*, 147 U. S. 14; *Ex parte Railway Company*, 103 U. S. 794; *Ex parte Baltimore & Ohio Railroad Co.*, 108 U. S. 566.

In *In re Hohorst, Petitioner*, 150 U. S. 653, the bill was filed in the Circuit Court of the United States for the Southern District of New York against a corporation and certain other defendants, and was dismissed against the corporation for want of jurisdiction. From that order complainant took an appeal to this court, which was dismissed for want of jurisdiction because the order, not disposing of the case as to all the defendants, was not a final decree from which an appeal would lie. 148 U. S. 262. Thereupon an application was made to this court for leave to file a petition for a writ of *mandamus* to the judges of the Circuit Court to take jurisdiction and to proceed against the company in the suit. Leave was granted and a rule to show cause entered thereon, upon the return to which the writ of *mandamus* was awarded.

In this case, however, the Circuit Court entertained jurisdiction and the petitioner has its remedy by appeal, if a decree should pass against it. The objection to the jurisdiction presented by filing the demurrer, for the special and single purpose of raising it, would not be waived by answering to the merits upon the demurrer being overruled. *Southern Pacific Company* v. *Denton*, 146 U. S. 202.

To direct the exercise of jurisdiction is quite different from a mandate not to do so, and we think we should not interpose at this stage of the case in the manner desired.

*Leave denied.*