# EX PARTE ROE.

## PETITION FOR WRIT OF MANDAMUS.

No. 13, Original.　Argued April 6, 1914.—Decided May 25, 1914.

When a Federal court decides that a case removable from a state court on independent grounds is not made otherwise by § 6 of the Employers' Liability Act, the decision is a judicial act done in the exercise of jurisdiction conferred by law, and, even if erroneous, is not open to collateral attack, but only subject to correction in an appropriate appellate proceeding.

The authorized mode of reviewing such a ruling in an action at law is by writ of error from the final judgment. Judicial Code, §§ 128, 238.

The writ of mandamus lies to compel the exercise by a judicial officer of existing jurisdiction but not to control his decision.

Mandamus may not be used to correct alleged error in a refusal to remand, especially where the order may be reviewed after final judgment on writ of error or appeal. *Ex parte Harding*, 219 U. S. 363.

THE facts, which involve the Removal Acts and also the construction of the provisions of § 6 of the Employers' Liability Act of 1908 as amended in 1910 relating to removal of causes arising under the latter act, are stated in the opinion.

*Mr. S. P. Jones* for petitioner.

*Mr. Joseph W. Bailey* and *Mr. F. H. Prendergast* for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

By an action begun in a state court in Harrison County, Texas, W. L. Roe sought to recover from the Texas & Pacific Railway Company, a Federal corporation, $30,000 as damages for personal injuries sustained through its negligence while he was in its employ as a brakeman and while both were engaged in interstate commerce. In due time and in the accustomed way, the case was removed into the District Court of the United States for that district upon the sole ground that it was one arising under a law of the United States in that the defendant was chartered by an act of Congress. The plaintiff then moved that the case be remanded upon the ground that it also arose under the Federal Employers' Liability Act (April 22, 1908, 35 Stat. 65, c. 149; April 5, 1910, 36 Stat. 291, c. 143) and therefore was not removable. After a hearing, the motion was denied, for reasons assigned in the second branch of the opinion in *Van Brimmer* v. *Texas & Pacific Railway Co.*, 190 Fed. Rep. 394, 397. The plaintiff then petitioned this court for a writ of mandamus commanding

the judge of the District Court to remand the case. A rule to show cause was granted, and the respondent answered that the motion to remand had been denied because, upon consideration, he believed the case was lawfully removed.

As the case arose under a law of the United States, namely, the defendant's Federal charter (see *Pacific Removal Cases*, 115 U. S. 1; *Texas & Pacific Railway Co.* v. *Cody*, 166 U. S. 606), and the requisite amount was in controversy, it is conceded that it was removable unless made otherwise by the fact that it also arose under the Federal Employers' Liability Act. In the sixth section, as amended in 1910, that act declares: "The jurisdiction of the courts of the United States under this Act shall be concurrent with that of the courts of the several States, and no case arising under this Act and brought in any state court of competent jurisdiction shall be removed to any court of the United States." A like restriction upon removals appears in § 28 of the Judicial Code.

The question presented to the District Court by the motion to remand was, whether these provisions were intended to forbid a removal in every case falling within the Employers' Liability Act, regardless of the presence of some independent ground of removal, as in this instance, or only to declare that the fact that a case arises under that act shall not be a ground of removal. Regarding the latter of these alternatives as sustained by the better reasoning, the court denied the motion; and upon this petition for mandamus we are asked to review that ruling, pronounce it erroneous, and direct the respondent to retract it and remand the case.

Whether the ruling was right or wrong, it was a judicial act, done in the exercise of a jurisdiction conferred by law, and, even if erroneous, was not void or open to collateral attack, but only subject to correction in an appropriate appellate proceeding. *Chesapeake & Ohio Railway Co.* v.

*McCabe,* 213 U. S. 207; *In re Metropolitan Trust Co.,* 218 U. S. 312. Like any other ruling in the progress of the case, it will be regularly subject to appellate review after final judgment, and the authorized mode of obtaining such a review, the action being at law, is by a writ of error. Judicial Code, §§ 128, 238; *Missouri Pacific Railway Co.* v. *Fitzgerald,* 160 U. S. 556, 582.

The accustomed office of a writ of mandamus, when directed to a judicial officer, is to compel an exercise of existing jurisdiction, but not to control his decision. It does not lie to compel a reversal of a decision, either interlocutory or final, made in the exercise of a lawful jurisdiction, especially where in regular course the decision may be reviewed upon a writ of error or an appeal. *Bank of Columbia* v. *Sweeny,* 1 Pet. 567; *Life and Fire Insurance Co.* v. *Adams,* 9 Pet. 571, 602; *Ex parte Taylor,* 14 How. 3, 13; *Ex parte Many, Id.* 24; *Ex parte Newman,* 14 Wall. 152, 169; *Ex parte Sawyer,* 21 Wall. 235; *Ex parte Flippin,* 94 U. S. 348; *Ex parte Loring, Id.* 418; *Ex parte Railway Co.,* 103 U. S. 794; *Ex parte Baltimore & Ohio Railroad Co.,* 108 U. S. 566; *American Construction Co.* v. *Jacksonville &c. Co.,* 148 U. S. 372, 379; *In re Atlantic City Railroad,* 164 U. S. 633; *Ex parte Oklahoma,* 220 U. S. 191, 209; *Ex parte First National Bank,* 228 U. S. 516. And this is true of a decision denying a motion to remand. *Ex parte Hoard,* 105 U. S. 578; *In re Pollitz,* 206 U. S. 323; *Ex parte Nebraska,* 209 U. S. 436; *Ex parte Gruetter,* 217 U. S. 586; *Ex parte Harding,* 219 U. S. 363. In the last case the subject was extensively considered and it was held that the writ of mandamus may not be used to correct alleged error in a refusal to remand where, after final judgment, the order may be reviewed upon a writ of error or an appeal. To that view we adhere, and therefore we are not here at liberty to consider the merits of the question involved in the District Court's ruling.

*Rule discharged; petition dismissed.*