# EX PARTE PARK SQUARE AUTOMOBILE STATION, PETITIONER.

## PETITION FOR WRIT OF MANDAMUS.

No. 31, Original. Submitted May 21, 1917.—Rule discharged June 11, 1917.

Mandamus will not lie to control the District Court upon a jurisdictional question when other modes of reviewing its decision (writ of error or certiorari) are provided by statute.

This rule obtains even though the decision complained of be manifestly incorrect and though a direct review by mandamus might avert great inconvenience and expense. *Ex parte Harding*, 219 U. S. 363, explained and followed.

So *held* where the object of the application was to require the District Court for the Northern District of New York to remand a case removed from a court of the State of New Hampshire.

Rule discharged.

THE facts are stated in the opinion.

*Mr. Edward C. Stone* for petitioner.

*Mr. Robert G. Dodge* for respondent.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Upon the ground that the American Locomotive Company, a corporation created under the laws of New York,

was carrying on business in the State of New Hampshire and amenable to the jurisdiction of the courts of that State, the petitioner, the Park Square Automobile Station, a Maine corporation, commenced its suit for breach of contract against the American Locomotive Company in a New Hampshire state court. In such court after service upon it the Locomotive Company prayed a removal of the cause not to the District Court of the United States for the District of New Hampshire, but to the District Court of the United States for the Southern District of New York, and its prayer to this effect was denied by the state court. Some time thereafter the prayer for removal was renewed, modified however by asking that the removal be ordered to the District Court of the United States for the Northern District of New York on the ground that the corporation was an inhabitant of that district and had its principal place of business there. This request being also denied, the Locomotive Company, executing a bond for removal, filed the record in the District Court of the United States for the Northern District of New York. The Automobile Company thereupon moved to remand, not on the ground that the case was not a removable one, but because it was solely entitled to be removed to the proper district, that is, from the state court in New Hampshire to the United States District Court of that State. This motion having been overruled (222 Fed. Rep. 979), the case was brought directly here upon the theory that the alleged error resulting from the refusal to remand was susceptible of being reviewed although no final judgment had been entered in the cause. At this term the writ of error taken for the purpose stated was dismissed because there was no final judgment, 243 U. S. 633, and thereupon on petition to that effect a rule to show cause why a mandamus should not be granted directing the District Court to reverse its ruling refusing to remand the cause was allowed and on a return of the Dis-

trict Court to that rule the subject is before us for consideration.

The contention of the petitioner is that manifest error was committed in taking jurisdiction on a removal of the cause from the state court of New Hampshire since the proper court, upon the assumption that the case was removable, was the District Court of the United States for the District of New Hampshire and that court alone.

At the threshold, however, we are met by the suggestion that, conceding for the sake of the argument that the lower court erred in refusing to remand and in taking jurisdiction, as such error was susceptible of being reviewed by the regular methods provided by the statute, that is, by certificate and direct review on the question of jurisdiction alone after final judgment, or by review of the Circuit Court of Appeals where allowed if the whole case were taken to that court, or by the exercise by this court of its power to issue a writ of certiorari in a proper case, there is hence no power to substitute the writ of mandamus as a means of reviewing for the express remedial processes created by the statute for such purpose.

It is not disputable that the proposition thus relied upon is well founded and hence absolutely debars us from reviewing by mandamus the action of the court below complained of, whatever may be our conviction as to its clear error, *Ex parte Harding*, 219 U. S. 363; *Ex parte Roe*, 234 U. S. 70, unless it be that by some exception the case is taken out of the reach of the control of the cases referred to. It is insisted that this case is such an exceptional one, first, because of the clearly erroneous construction of the statute upon which the court below based its assertion of jurisdiction and the strange result which arose from that construction, that is, the removal of a case pending in the state court of New Hampshire to a district court in the State of New York, and second, because of the grave wrong which would result from forcing the petitioner to

try its case in the State of New York at great inconvenience and expense as a preliminary to securing a review of the question of jurisdiction,—an expense and inconvenience which would be saved if by review now by means of a writ of mandamus the removal statutes be given their natural meaning and thus the wrong and confusion arising from their misconstruction would be avoided.   And, in support of the exceptions thus asserted, reliance is placed on expressions contained in the opinion in *Ex parte Harding*, 219 U. S. 363, 373, by which it is contended they are sustained.

But conceding that the error which the proposition attributes to the ruling below is manifest, the conclusion drawn from the opinion in *Ex parte Harding* is obviously a mistaken one.   Indisputably in that case the court was called upon to consider in a two-fold aspect some contrariety of views manifested in decided cases, first, as to the power to correct an unwarranted exercise of jurisdiction by way of proceedings in mandamus in a case where no method of review of such question was otherwise provided, and second, the right to resort to mandamus in disregard of and as a substitute for express and positive statutory regulations pointing out the method by which such review could be had.   Bearing this in mind, it is plain that the language relied upon in *Ex parte Harding* related to the first class and established the doctrine that even in a case where no means of review were provided by statute, the writ of mandamus could be used only in exceptional cases calling for an exceptional remedy.   But this did not in the slightest degree qualify or limit the comprehensive rule which was established as to the second class to the effect that, where statutory methods of review of questions of jurisdiction were provided for, they could not be disregarded, and therefore that there was no power to override the statutory provisions by resorting to the writ of mandamus.   And the whole subject will be made

very clear by a consideration of the opinion in *Ex parte Roe*, 234 U. S. 70, which gave effect to and applied the rule laid down in *Ex parte Harding*.

Indeed, when the situation dealt with in *Ex parte Harding* is taken into view, it becomes apparent that the confusion and conflict which had imperceptibly arisen from obscuring the lines dividing the statutory methods for review of questions of jurisdiction and the effort to review them by the writ of mandamus which was corrected by the decision in that case would be recreated by now permitting a resort to the writ of mandamus in this case. And this also makes clear that however grave may be the inconvenience arising in this particular case from the construction which the court gave to the statute and upon which it based its assertion of jurisdiction, greater inconvenience in many other cases would necessarily come from now departing from the established rule and reviewing the action of the court by resort to a writ of mandamus instead of leaving the correction of the error to the orderly methods of review established by law.

*Rule discharged.*