# EX PARTE RIDDLE, PETITIONER.

## ON PETITION FOR WRIT OF MANDAMUS.

No. 27, Original. Argued February 28, March 1, 1921.—Decided March 21, 1921.

1. Mandamus does not lie where there was an adequa ^ remedy by writ of error. P. 451.
2. A defendant, convicted of a felony and sentenced in the District Court, moved during the term to have the record corrected to show that, by agreement with the district attorney, he was tried by eleven jurors, and to set aside the judgment for that reason, but the court held the record sufficient, rejected evidence offered to the contrary, and denied both motions. *Held,* that the decisions could have been reviewed upon a bill of exceptions by writ of error. *Id.* Rule discharged; petition denied.

PETITION for a mandamus to require a district judge to correct the record in a criminal case.

The facts are stated in the opinion.

*Mr. John London* and *Mr. Benjamin Carter* for petitioner.

*The Solicitor General* and *Mr. Erle Pettus,* with whom *Mr. W. C. Herron* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

The petitioner was indicted for a violation of § 215 of the Criminal Code of the United States by a use of the mails in furtherance of a scheme to defraud. This is a felony, § 335, and therefore, we assume, must be tried by a jury of twelve. The petitioner was tried, convicted and sentenced, the record stating that "to try this cause come a jury of good and lawful men duly impaneled, sworn and

charged a true verdict to render according to the law and the evidence." During the term the petitioner filed a motion setting forth that as the result of an agreement between himself and the District Attorney 'the case was tried before a jury of eleven, and asking to have the record corrected to show the fact. There was also another motion to set aside the judgment on this ground. The record recites that after hearing the evidence and argument the Court being of opinion that the record is as it should be, and does not need amendment, denies the motion, and similarly denies the motion to set aside the judgment. The record discloses exceptions to both orders but sets forth no grounds. No exception to the jury seems to have been taken nor does the fact alleged or the exclusion of any evidence competent to prove it appear of record in any form.

The petitioner now comes here asking for a mandamus to correct the judge's conclusion and setting forth evidence offered in support of his motion that was rejected and that he says should have been received. He might have saved the point by an exception at the trial or by a bill of exceptions to the denial of his subsequent motion, setting forth whatever facts or offers of proof were material, and then have brought a writ of error. *Nalle* v. *Oyster,* 230 U. S. 165, 177. In such cases mandamus does not lie. Ordinarily, at least, it is not to be used when another statutory method has been provided for reviewing the action below, or to reverse a decision of record. *Ex parte Morgan,* 114 U. S. 174; *Ex parte Park Square Automobile Station,* 244 U. S. 412, 414. In this case the facts were more or less clearly admitted at the argument but the record does not establish them and the extent of agreement or dispute with regard to them does not change the remedy to be sought.

> *Rule to show cause discharged.*
> *Writ denied.*