of the Veterans' Bureau, Chicago, where it was received August 17, 1929. On August 19, 1929, the Regional Adjudication Officer, at Chicago, wrote the claimant that the letter of June 13, 1929, was a sufficient disagreement and that an appeal to the Director was not necessary, and requesting him to write and say whether he desired an appeal to the Director. On August 28, 1929, claimant wrote the Regional Office of the United States Veterans' Bureau at Chicago, as follows:

"It is my desire to appeal my case to the Director as requested in my letter of August 16, 1929, although I have started suit for the recovery of my war risk insurance.

"My main purpose in so appealing is to guard against loss of any of my rights through any technical failure to take advantage of all proper steps in the Veterans' Bureau in case it should be later determined that a decision by anyone other than the Director of the Veterans' Bureau is an insufficient basis for suit."

The District Court found that it was without jurisdiction under the ruling of this court in Hansen v. United States, 67 F.(2d) 613. That ruling was correct. Whether the appeal to the Director takes place before or after the institution of the suit in the District Court makes no difference.

The judgment is affirmed.

Matot, Stafford & Downing and Kenneth E. Matot, all of Los Angeles, Cal. (Rufus C. Porter, of San Pedro, Cal., and David F. Klein, of Los Angeles, Cal., of counsel), for petitioner.

Peirson M. Hall, U. S. Atty., and Leo Silverstein, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Petitioner prays for writ of mandamus to compel the trial judge to dismiss the action for lack of jurisdiction, which motion was taken under advisement on February 16, 1932. It is alleged in the petition that the trial court, after having expressed the opinion that the court was without jurisdiction, proceeded to administer the affairs of the receivership and was continuing so to do without a decision upon the motion to dismiss. The petition for writ of mandamus was verified April 25, 1933, and filed in this court on August 31, 1934. It now appears that in the meantime the trial court had fully concluded the matter in the court below and had entered its final decree on December 18, 1933. Appropriate remedy in such a case is by appeal, and not by mandamus. Curtis v. Paramount Famous Lasky Corp. (C. C. A.) 38 F. (2d) 476; Curtis v. American Tel. & Tel. Co. (C. C. A.) 38 F.(2d) 476; In re Atlantic City R. R., 164 U. S. 633, 17 S. Ct. 208, 41 L. Ed. 579.

The petition is denied.

## STANDARD PIPE & SUPPLY CO. v. CALIFORNIA NORTHERN CORPORATION.
### No. 7603.

Circuit Court of Appeals, Ninth Circuit.

Oct. 10, 1934.

## JOHNSON v. ADERHOLD, Warden.
### No. 7341.

Circuit Court of Appeals, Fifth Circuit.

Oct. 24, 1934.