### CHARIS CORPORATION v. ST. SURE, District Judge, et al.

Circuit Court of Appeals, Ninth Circuit.

Jan. 24, 1938.

Charles E. Townsend and Roy C. Hackley, Jr., both of San Francisco, Cal., for petitioner.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

The Charis Corporation made a motion for leave to file a petition for writ of prohibition or writ of mandamus, and has accompanied the application by copy of the petition which it proposes to file if leave is granted. The purpose of the petition is to secure a writ prohibiting the District Court from further proceeding in a patent infringement suit brought against applicant by Josephine Holt. The jurisdiction of the District Court is predicated upon section 48 of the Judicial Code, 28 U.S.C.A. § 109. The applicant challenged the jurisdiction of the court by motion to quash the service of subpoena upon the ground that the applicant did not have a regular and established place of business within the Northern District of California. Affidavits and oral testimony were introduced before the District Court upon that subject and the affidavits used and the transcript of the testimony taken upon that hearing, certified by the clerk of the District Court, are attached to the petition. This evidence, if printed in the usual form required by our rules for the printing of the transcript,

would probably cover several hundred pages.

The question as to whether or not the applicant maintained a regular and established place of business in the district largely depends upon the interpretation to be placed upon contracts entered into by the applicant with persons selling its product. This contract is upon a printed form and refers to the persons dealing with its product as "the buyer hereinafter referred to as the buyer or district manager." Each "district manager" maintained a regular place of business. The District Judge, in a memorandum opinion which is attached to the petition, found that the contract created an agency and that the so-called buyers were really agents of the petitioner. It is clear that, if the ruling of the trial court was erroneous upon this jurisdictional question, it may be reviewed upon an appeal from the decree if properly raised in the lower court. In re Atlantic City R. R. Co., 164 U.S. 633, 17 S.Ct. 208, 41 L.Ed. 579; Harkness v. Hyde, 98 U.S. 476, 25 L.Ed. 237; Baldwin v. Iowa State, etc., Ass'n, 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244. Petitioner seeks an advance decision of this court upon that jurisdictional problem by our ruling upon its application for prohibition or mandamus.

In a recent case we had occasion to consider the power of this court to issue writs of mandamus and prohibition in aid of our appellate jurisdiction. Whittel v. Roche, 9 Cir., 88 F.2d 366. In that case the petitioner sought a writ of mandamus to compel the trial judge to relinquish jurisdiction over an action which petitioner had dismissed. We there held that we had no jurisdiction to issue the writ although the remedy by appeal might not be speedy or adequate, because the appeal would entail a long and expensive trial as a condition precedent to the judgment and appeal, unless there were other controlling circumstances. No additional circumstance is urged as a basis for the issuance of the writ herein. On the other hand, if the petitioner feels sufficiently certain of its position with regard to the lack of jurisdiction of the lower court it can stand on its motion to quash and avoid an expensive trial. If not sufficiently certain to do this it can participate in the trial without waiving its jurisdictional point. Harkness v. Hyde, 98 U.S. 476, 25 L.Ed. 237, supra; Baldwin v. Iowa State, etc., Ass'n, 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244, supra; In re Atlantic City R. R. Co., 164 U.S. 633, 17 S.Ct. 208, 41 L.Ed. 579, supra.

If we follow this conclusion it would require our denial of the application for leave to file the petition; but, also, there are other reasons not present in Whittel v. Roche which require such denial. The question involved here is a factual one involving affidavits on both sides and oral testimony and a finding of the trial judge upon the litigated fact. It is true that upon a careful analysis of the contract involved and the testimony of the parties we might not agree with the conclusion of the trial judge and might discover by close analysis that the question involved was one of law and not of fact, and that the contradictory evidence is limited to immaterial facts.

If the matter can be fully disposed of on an appeal it is unnecessary to decide it in this proceeding even if we have the power to thus anticipate questions properly arising upon the appeal from the final judgment in the case.

The Circuit Court of Appeals for the Third Circuit denied an application similar to the one we are considering in Re Eastman Kodak Co., 48 F.2d 125, 127. In that case, however, the evidence upon which the trial court acted in denying the motion to quash the service of the subpoena was not before the appellate court, while in this application the petition purports to present all the affidavits and testimony upon which the findings of the trial judge were based. As pointed out by that court, however, this was not the decisive question. As the court there said with reference to the evidence: "But whether preserved or not, it might later be brought up equally well by appeal after trial."

Leave to file the petition is denied.