## O'BRIEN v. NEW YORK EDISON CO. et al.
### (four cases).

District Court, S. D. New York.
Feb. 3, 1939.

James J. O'Brien, pro se.

Whitman, Ransom, Coulson & Goetz, and Jacob H. Goetz and Henry S. Reeder, all of New York City, for defendants.

THOMAS, District Judge.

On March 9th, 1937, in an action between the parties to this suit a judgment dismissing the plaintiff's complaint was recovered by defendants after a trial of the issues before Judge Coxe and a jury.

That judgment has been set up by the defendants in these four actions as a bar to the maintenance of these suits. Orders have been entered herein directing that the sufficiency of the defendants' pleas of res adjudicata be heard and determined prior to the trial of any other issues in these actions, and that question has been submitted to this Court for determination after a consolidated hearing, at which the parties waived a jury by written stipulation.

The rendition and entry of the judgment in the prior suit has been duly established as well as the identity of the parties involved in the prior litigation. It is also obvious from a mere inspection of the pleadings that these actions are predicated on the same state of facts as those involved in the suit whose disposition is pleaded in bar. The plaintiff contends, however, that the plea of res adjudicata is not available to these defendants, and he assails the judgment upon which that plea is based on two grounds. First, he contends that the judgment is a nullity, and second, that if it has any validity at all it is not a judgment which is dispositive of the merits.

Plaintiff's first claim is predicated upon the fact that the judgment in the prior suit was signed by the Clerk and not by the Judge before whom the case was tried, and he contends therefore that it is not a judgment of the Court but merely a spurious and illegal document of no justiciable force and effect. His argument wholly disregards the distinction between the rendition of a judgment and its entry.

■ The pronouncement of a judgment is a purely judicial act; its entry is ministerial and subject to the control of the Court.

In Ex parte Morgan, 114 U.S. 174, at page 175, 5 S.Ct. 825, 29 L.Ed. 135, the Court said: "The judgment is the act of the court. It is recorded ordinarily by the clerk as the ministerial officer of the court, but his recording is in legal effect the act of the court, and subject to its judicial control. The clerk records the judgments of the court, but does not thereby render the judgments."

■ As the present Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, had not then been promulgated, the making and entry of the judgment here considered was controlled by the provisions of Rule 201 of the Rules of Civil Practice of the State of New York, which then and now provides: "The judgment shall be signed by the clerk and filed in his office * * * and such signing and filing shall constitute the entry of the judgment. * * *" The entry and the filing of the judgment in the prior action between these parties was duly noted and recorded in the Clerk's docket of the case on the date on which the judgment was made. (L. 62, p. 244)

■ I am of the opinion, therefore, that the signing by the Clerk of the judgment and its entry in the Clerk's docket constituted full and adequate compliance with all the formalities then necessary for the purpose of establishing and recording the judgment of the Court.

The plaintiff's second contention that the judgment in the prior suit was not dispositive of the merits embraces within it two propositions, namely: That the judgment cannot be urged as a bar to these suits because it contains no express declaration of a dismissal of the plaintiff's complaint in that suit upon the merits, and that at all events by reason of certain things which transpired at the trial it could not have been a judgment upon the merits.

Section 482 of the Civil Practice Act of the State of New York, then in force and still subsisting, provides: "A dismissal of a complaint * * * at the close of the plaintiff's or defendant's evidence * * * is a final determination of the merits of the cause of action and bars a new action between the same parties or other privies * * * unless the court shall dismiss without prejudice."

■■ In order that a judgment may be deprived of its conclusive effect under the foregoing Statute, it must contain an express declaration that the dismissal therein directed be without prejudice. No such expression appears in this judgment. On the contrary the following language does appear on the face of the judgment:

"And the defendants having moved at the close of plaintiff's evidence to dismiss the complaint, and the said complaint having been dismissed, it is ordered and adjudged that this action be and the same hereby is dismissed * * *."

Manifestly, therefore, under the Statute the judgment was a final determination of the merits of the controversy.

It is further contended by the plaintiff that, regardless of the recital of the judgment, a dismissal was not rendered at the close of the plaintiff's evidence, and that on the contrary plaintiff during the course of the trial made several motions for the withdrawal of a juror, which motions were denied, and that plaintiff's complaint was dismissed because of his refusal to proceed after the denial of his motions.

■■ While the record of the trial plainly shows that the plaintiff himself invited the dismissal of his complaint after a mo-

tion for such dismissal had been made, this Court is bound by the judgment and may not go behind the recitals of the judgment itself. As the judgment here rendered has been neither modified, reversed or annulled, it is not open to contradiction or impeachment in any collateral action or proceeding. If in fact the judgment fails to set forth the Court's determination of the prior suit in accordance with the record, it is the privilege of the plaintiff to move for amendment of the judgment to procure such relief as the law affords. Ex parte Morgan, 114 U.S. 174, 175, 5 S.Ct. 825, 29 L.Ed. 135. It is to be noted also that the plaintiff took no appeal from the judgment dismissing the complaint.

Upon the present state of the record, I, therefore, find the defendants' pleas good and I direct the defendants to prepare proposed findings of fact and conclusions of law, and a proposed form of judgment to be entered thereon, and to serve a copy thereof upon plaintiff with notice of settlement. The plaintiff may submit any additional proposed findings or any counter form of judgment.

With the foregoing disposition of the matter in issue, I am constrained to comment on the state of the record before me. Plaintiff, as is his right, has appeared in this action in person. He professes a station in life which makes only the more amazing the levels to which he has stooped in his conduct before the Court. In the hearings which were had before me, and in the correspondence and briefs submitted since then, plaintiff indulged in mocking characterizations and vituperative epithets to an extent which merits a rebuke far more trenchant than mere verbal castigation. So thoroughly does the record before me reek with vilification and scurrilous abuse that this Court has more than a fleeting suspicion that the plaintiff is not fully cognizant of the responsibility he owes the Court. Were it not for this conclusion, I would feel it my duty to hold the plaintiff in contempt of Court and mete out to him the punishment which his conduct has merited. I shall not delete any portion of the minutes of the hearings held before me on December 14 and December 27, 1938, as requested by counsel for the defendants, but I do order expunged from the records the letter addressed to me by the plaintiff on December 27th, 1938, and the papers labelled as a Reply Brief of the plaintiff.

Submit order accordingly.