## KAY FERER, Inc., v. HULEN et al.
### No. 13507.

Circuit Court of Appeals, Eighth Circuit.
March 21, 1947.

---

A. B. Frey and Karol A. Korngold, both of St. Louis, Mo. (Frey & Korngold, of St. Louis, Mo., on the brief), for petitioner.

• Albert M. Dreyer, Chief, Appellate Branch, Office of Temporary Controls, of Washington, D. C., for Philip B. Fleming, Adm'r., Office of Temporary Controls.

Before GARDNER, THOMAS and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This matter is before us on a petition for writ of mandamus, or in the alternative for writ of prohibition. On September 29, 1945, Chester Bowles, then Price Administrator of the Office of Price Administration, filed an action in the United States District Court for the Eastern District of Missouri against petitioner Kay Ferer, Inc., charging a violation of certain price regulations and seeking to recover triple damages because of such alleged violations. On April 1, 1946, Chester Bowles resigned as Price Administrator and Paul A. Porter was duly appointed as his successor in office and was duly substituted as plaintiff. Thereafter, and on February 24, 1947, Paul A. Porter having resigned as Price Administrator, Philip B. Fleming, as Administrator of the Office of Temporary Controls, filed his motion in said cause to be substituted as plaintiff in the place and stead of Paul A. Porter, Administrator, Office of Price Administration. Petitioner filed objections to the motion for substitution and on hearing the objections were overruled and an order entered sustaining the motion for substitution. The order recited that,

"said Petitioner has been invested with all of the functions of the Price Administrator, Office of Price Administration, with full power and authority to continue and maintain in his name all civil proceedings heretofore instituted by the Price Administrator, and that there is substantial need for continuing and maintaining this action."

Following the order of substitution, petitioner filed its motion to dismiss the action for lack of jurisdiction, which motion was overruled. In its petition in this court petitioner alleges that the actions of respondent in overruling its objections to the motion for substitution, and in permitting the substitution of Philip B. Fleming as plaintiff, and in permitting Fleming to file an amended and supplemental complaint, and in overruling petitioner's motion to dismiss, were all in excess of respondent's jurisdiction. It is then alleged that unless this court issue its writ of mandamus, directing respondent to set aside said order overruling the objections of petitioner, the order of substitution, the order permitting the filing of an amended and supplemental complaint and the order overruling petitioner's motion to dismiss, and prohibit respondent from exercising further jurisdiction in said cause other than to dismiss the same, petitioner will suffer irreparable injury and be put to great loss of time and expense in the preparation of its defense and the trial of the action in that it has no adequate remedy by appeal; that the cause is one of a large number of similar cases that are pending in various District Courts of the Eighth Judicial District; that there have been at least two decisions of other United States District Courts holding that said Fleming has no right to such substitution, and that the conflict in rulings has created confusion and uncertainty and that the same involves a multiplicity of civil actions. It is then alleged that these facts reveal such special circumstances as to constitute this proceeding a rare and special case which requires the authoritative ruling on this question by this court. Other allegations go to the sufficiency of the motion for substitution. There is no allegation or claim that the other actions referred to are

against petitioner or that it has any interest therein. Neither is there any claim that the cause of action abated with the resignation of the Price Administrator.

In our view of the applicable law it will not be necessary nor appropriate to consider the merits of petitioner's objection to the substitution of Fleming as plaintiff in the pending action against it, and we shall confine ourselves to a consideration of the question of practice and procedure.

■ Under the provisions of the Federal Constitution, art. 3, § 1, it is provided that judicial power shall be vested in the Supreme Court and such inferior courts as Congress may from time to time ordain or establish. Congress has power to confer original jurisdiction in mandamus on inferior federal courts, and Congress has conferred authority on federal courts to issue writs of mandamus to enforce certain specific acts or duties, and although the federal rules of civil procedure abolish writs of mandamus (Rule 81(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c), and provide that relief formerly available by mandamus may be obtained by appropriate actions or appropriate motions, the relief formerly obtainable by writ of mandamus is still available in federal courts and substantive rights are governed by the rules formerly applied in mandamus cases. Federal courts may issue writs of mandamus in aid of their jurisdiction. Appellate courts are courts of review, exercising authority to affirm, reverse or correct decisions of lower courts, but they have authority to protect or effectuate their jurisdiction and for that purpose may issue writs of mandamus. Barber Asphalt Paving Co. v. Morris, 8 Cir., 132 F. 945, 67 L.R.A. 761. Mandamus, however, is not a substitute for an appeal or writ of error and it will not lie as a rule where there is a remedy by appeal or writ of error or by certiorari, and an appellate court should not issue writ of mandamus in a case where the proper remedy is by appeal merely because such appeal may involve an inconvenient delay or the expense of a trial. Federal Sav. & Loan Ins. Corp. v. Reeves, 8 Cir., 148 F.2d 731. In

Roche v. Evaporated Milk Association, 319 U.S. 21, 63 S.Ct. 938, 941, 87 L.Ed. 1185, the court said:

"As the jurisdiction of the circuit court of appeals is exclusively appellate, its authority to issue writs of mandamus is restricted by statute to those cases in which the writ is in aid of that jurisdiction. Its authority is not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected.

\*    \*    \*    \*    \*    \*

"Ordinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed or to review an appealable decision of record. Ex parte Morgan, 114 U.S. 174, 175, 5 S.Ct. 825, 29 L.Ed. 135; In re Atlantic City R. Co., 164 U.S. 633, 635, 17 S. Ct. 208, 41 L.Ed. 579; Ex parte Roe, 234 U.S. 70, 73, 34 S.Ct. 722, 723, 58 L.Ed. 1217; Ex parte Park Square Automobile Station, 244 U.S. 412, 414, 37 S.Ct. 732, 733, 61 L.Ed. 1231; Ex parte Riddle, 255 U.S. 450, 451, 41 S.Ct. 370, 371, 65 L.Ed. 725. Circuit courts of appeals, with exceptions not now material, have jurisdiction to review only final decisions of district courts, 28 U.S.C. § 225(a), 28 U.S. C.A. § 225(a). Respondents stress the inconvenience of requiring them to undergo a trial in advance of an appellate determination of the challenge now made to the validity of the indictment. We may assume, as they allege, that that trial may be of several months' duration and may be correspondingly costly and inconvenient. But that inconvenience is one which we must take it Congress contemplated in providing that only final judgments should be reviewable. Where the appeal statutes establish the conditions of appellate review an appellate court cannot rightly exercise its discretion to issue a writ whose only effect would be to avoid those conditions and thwart the Congressional policy against piecemeal appeals in criminal cases. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783. As was pointed out by Chief Justice Marshall, to grant the writ in such a case would be a 'plain evasion' of the Congressional enactment that only final judgments be brought up for appellate review. 'The effect, therefore, of this mode of interposition, would be to retard decisions upon questions which were not final in the court below, so that the same cause might come before this Court many times before there would be a final judgment.' (Citing cases.) \*    \*    \*

"Here the inconvenience to the litigants results alone from the circumstance that Congress has provided for review of the district court's order only on review of the final judgment, and not from an abuse of judicial power, or refusal to exercise it, which it is the function of mandamus to correct. Hence there are in this case no special circumstances which would justify the issuance of the writ, such as the persistent disregard of the Rules of Civil Procedure \*    \*    \* prescribed by this court, found in McCullough v. Cosgrave, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992, (see Los Angeles Brush Corp. v. James, 272 U.S. 701, 706 [708], 47 S.Ct. 286, 288, 289, 71 L.Ed. 481; or the refusal to perform a plain ministerial duty, involved in Ex parte United States, supra [287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283]; or the considerations of comity between state and federal courts, thought to be controlling in State of Maryland v. Soper (No.1), 270 U.S. 9, 29, 46 S.Ct. 185, 189, 70 L.Ed. 449."

■ The application for writ of mandamus is addressed to the judicial discretion of the court and is subject to the principles and procedure governing such matters. To warrant the court in issuing the writ it must appear that the petitioner has a clear legal right to the performance of the particular duties sought to be enforced and that it has no other plain, adequate and complete method of redressing the wrong or obtaining the relief to which it is entitled so that without the issuance of the writ there would be a failure of justice. Under the controlling decision of the Supreme Court in Roche v. Evaporated Milk Ass'n, supra, we are constrained to hold that the petition should be denied and it will be so ordered.