## MARROW v. CITY OF FERGUSON et al.
### No. 8335(2).

United States District Court
E. D. Missouri, E. D.
Sept. 24, 1953.

Green, Hennings, Henry & Evans, and Robert D. Evans, of St. Louis, Mo., for plaintiff.

Herbert E. Bryant, of St. Louis, Mo., for defendant and respondents.

HULEN, District Judge.

Defendant has appealed from an adverse judgment of $44,735 without bond. Plaintiff seeks an order in the nature of mandamus [1] to compel defendant to levy a tax to pay the judgment of plaintiff, pending appeal. Execution against defendant has been returned unsatisfied.

The issue on application for the order raises a number of questions, some of first impression, which in our judgment are more serious than any practical benefit that could result, if the order requested by plaintiff were granted. The appeal on the merits should be decided in the usual course early in 1954. An appeal from any order made now on the present issue could not be docketed for hearing much before that time.

Defendant bases its resistance to the motion on Section 512.080 RSMo 1949, V.A. M.S.,[2] which provides that appeals by a city, such as defendant, shall act as a stay of execution. Plaintiff replies that Missouri law does not apply and that defendant's right to appeal without bond is governed by Rule 62[3] of the Federal Rules of Civil Procedure, which provides that a judgment must be a "lien," before a state law shall operate to stay an execution. Plaintiff admits that had his judgment been obtained in the state court the appeal would be allowable without bond.

The defendants listed in Section 512.080 who are entitled to appeal without bond ("executor or administrator, guardian or curator * * * city, town * * * school district * * *") indicate the purpose of the statute. A judgment against any one of them has a certain security, call it a lien, or by any other name. The judgment holder does not have such security diminished by appeal, or time taken to pass on the appeal. The assets will remain the same, as a practical procedure. Doubtless such security for the judgment moved the

---

[1] Although the writ of mandamus has been abolished by the new rules, Fed. Rules Civ.Proc. Rule 81(b), 28 U.S.C.A., the same character of relief is still obtainable. Kay Ferer, Inc., v. Hulen, 8 Cir., 160 F.2d 146.

[2] "1. Appeals shall stay the execution in the following cases:

"(1) When the appellant shall be an executor or administrator, guardian, or curator, and the action shall be by or against him as such, or when the appellant shall be a county, city, town, township, school district, or other municipality * * *."

[3] "Stay According to State Laws. In any state which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded him had the action been maintained in the courts of that state."

legislature to permit the appeal without bond. To permit the levy of an execution in some of the cases listed would interfere with the orderly management and liquidation of a defendant, which may have parties in interest of equal standing in priority other than the particular judgment creditor who would levy execution but for the protection of the statute. In the case of estates, claims are paid according to classification and, if the assets are insufficient, then in the proportion they all bear to the funds available. To force the representative of the estate to give bond before he can take an appeal in a Federal court case would seriously interfere with administration of the estate according to law or deny the estate an appeal. The plaintiff has the same security pending the appeal that it had on securing the judgment. An appeal bond can serve no purpose, as we are loath to believe any court would allow a preference on the assets of an estate by such a proceeding. The only advantage plaintiff can secure in this case will be *to advance* by a matter of months the levy of a tax to pay a judgment, if the appeals court affirms the lower court.

There is no more chance in this case of loss of money, as distinguished from time, to the plaintiff, by virtue of the appeal, than if plaintiff's judgment was against any of the other interests named in the statute. Matter of fact there is less. Plaintiff, by the remedy given him to collect his judgment, has in effect a lien or claim on the tax-levying powers of the defendant over all taxable property of the defendant to pay his judgment on it becoming final.

Plaintiff does not urge possibility of loss of money as a reason for issuance of the order sought, but only loss of time in collecting the judgment. But appeal bonds are not had for the asking. Consider an estate with $10,000 in assets, has a judgment rendered against it for $20,000 in a Federal court. It desires to appeal. If plaintiff is correct that the Federal rule applies, then an appeal bond would be impossible to obtain in such a case. The right to have an appeal court pass on a lower court action without supersedeas bond is not mere procedure; it is a matter of substance to the litigants, as distinguished from the mechanics of perfecting the appeal, being matters of procedure.

The prime question: Does the requirement of bond under the Federal rule referred to, in light of the Missouri statute allowing appeal without bond, in this character of case, present a question of substantive law or mere procedure. The distinction is not always easy to determine. It must be admitted by all there is no clear answer here. If the right of appeal without bond under the Missouri statute is a substantive right, plaintiff is not entitled to the order sought. See Title 28, Section 2072, United States Code. We are of the opinion the rights granted of appeal without bond by the Missouri statute are substantive and not procedural. If the question were doubtful it would be our duty to deny the requested order. See State ex rel. Dolman v. Dickey, 280 Mo. 536, 219 S.W. 363.

We do not consider it necessary to examine the other points presented.

Let order be settled and presented.