260 F.2d 548
 Ex Parte Tom R. WATKINS, Petitioner. (Wesson Oil and
Snowdrift Company, Inc., Plaintiff,
v.
Tom R. WATKINS, Defendant, Civil Action No. 842, United
States District Court For the Southern District of
Mississippi, Eastern Division, Meridian,
Mississippi.)
 No. 17391.
 United States Court of Appeals Fifth Circuit.
 Sept. 26, 1958.
 
 Thomas D. Bourdeaux, Meridian, Miss., for petitioner.
 John H. Holloman, Columbus, Miss., J. C. Wilbourn, Meridian, Miss., for respondent.
 Before RIVES, BROWN and WISDOM, Circuit Judges.
 PER CURIAM.
 
 
 1
 This motion was filed in the office of the Clerk of this Court on August 25, 1958. The United States District Court for the Southern District of Mississippi still has jurisdiction of the above styled Civil Action No. 842 pending in said Court, and the Judge of said Court has authority to decide whether to amend his order appointing a master so as to state his opinion on the matters referred to in the recent Inrerlocutory Appeals Act, 72 Stat. 1770, approved September 2, 1958,[1] whereupon it might be that this Court could permit an appeal to be taken from such order.
 
 
 2
 In our opinion, this Court should not pass upon the said motion for leave so long as it is not clear and undisputable that there is no adequate remedy by appeal.[2]
 
 
 3
 Further consideration of the said motion for leave is therefore postponed to give time for the said District Court to consider said Interlocutory Appeals Act. To that end the movant is directed to call this order to attention of the District Judge. Nothing herein stated should be construed as the expression of any opinion by this Court as to the proper course of action of the District Judge. That is a matter at this time to be decided by him uninfluenced by anything herein stated. This Court expects to give further consideration to said motion for leave on or before Thursday, October 9, 1958.
 
 
 
 [1]
 Said Act added to Section 1292 of Title 28, United States Code, an additional subparagraph lettered (b) to read as follows:
 '(b) When a district judge in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.'
 
 
 [2]
 Ex parte Fahey, 1947, 332 U.S. 258, 261, 67 S.Ct. 1558, 91 L.Ed. 2041; Ex parte Morgan, 1885, 114 U.S. 174, 175, 65 S.Ct. 825, 29 L.Ed. 135; In re Atlantic City Railroad, 1897, 164 U.S. 633, 635, 17 S.Ct. 208, 41 L.Ed. 579; Ex parte Roe, 1914, 234 U.S. 70, 73, 34 S.Ct. 722, 58 L.Ed. 1217; Ex parte Park Sq. Automobile Station, 1917, 244 U.S. 412, 414, 37 S.Ct. 732, 61 L.Ed. 1231; Ex parte Riddle, 1921, 255 U.S. 450, 451, 41 S.Ct. 370, 65 L.Ed. 725; Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 27, 28, 29, 63 S.Ct. 938, 87 L.Ed. 1185; Ex parte Newman, 1871, 14 Wall. 152, 165, 20 L.Ed. 877; Bayard v. United States ex rel. White, 1888, 127 U.S. 246, 8 S.Ct. 1223, 32 L.Ed. 116; In re Morrison, 1893, 147 U.S. 14, 13 S.Ct. 246, 37 L.Ed. 60; Ex parte American Steel Barrel Co., 1913, 230 U.S. 35, 45, 33 S.Ct. 1007, 57 L.Ed. 1379