260 F.2d 546
 Ex Parte DEEPWATER EXPLORATION COMPANY and Texas National
Bank of Houston, Texas, Praying for a Writ of
Mandamus or of Prohibition, Petitioners.
DEEPWATER EXPLORATION COMPANY and Texas National Bank of
Houston, Texas,
v.
ANDREW WEIR INSURANCE CO., Ltd., et al., United States
District Court, Eastern District of Louisiana, New
Orleans Division, Civil Action No. 7598.
 No. 17373.
 United States Court of Appeals Fifth Circuit.
 Sept. 26, 1958, On Supplemental Motion Oct. 10, 1958, Action
Dismissed Jan. 15, 1959.
 
 Joseph M. Rault, Benjamin W. Yancey, New Orleans, La., Terriberry, Rault, Carroll, Martinez & Yancey, New Orleans, La., of counsel, for petitioners.
 Rene H. Himel, Jr., P. A. Gaudet, New Orleans, La., for respondent.
 Before RIVES, BROWN and WISDOM, Circuit Judges.
 PER CURIAM.
 
 
 1
 This motion was filed in the office of the Clerk of this Court on August 8, 1958. We assume that the above styled Civil Action No. 7598 of the United States District Court of the Eastern District of Louisiana, New Orleans Division has not been transferred to the United States District Court for the Southern District of Texas, Houston Division, by forwarding the papers in the case, and that the former Court still has jurisdiction of the case.[1]
 
 
 2
 So assuming the Judge of said first-mentioned Court has authority to decide whether to amend the order of transfer so as to state his opinion on the matters referred to in the recent Interlocutory Appeals Act, 72 Stat. 1770, approved September 2, 1958,[2] whereupon it might be that this Court could permit an appeal to be taken from such order.
 
 
 3
 In our opinion, this Court should not pass upon the said motion for leave so long as it is not clear and undisputable that there is no adequate remedy by appeal.[3]
 
 
 4
 Further consideration of the said motion for leave is therefore postponed to give time for the said District Court to consider said Interlocutory Appeals Act. To that end the movant is directed to call this order to attention of the District Judge. Nothing herein stated should be construed as the expression of any opinion by this Court as to the proper course of action of the District Judge. That is a matter at this time to be decided by him uninfluenced by anything herein stated. This Court expects to give further consideration to said motion for leave on or before Thursday, October 9, 1958.
 
 
 5
 On Motion for Leave to File Petition for Writ of Mandamus or of Prohibition.
 
 
 6
 Upon consideration of the supplemental motion for leave to file petition for writ of mandamus or of prohibition, it is ordered by the Court that such leave be granted. Accordingly, the Clerk of this Court is instructed to furnish to the respondent, the Honorable J. Skelly Wright, United States District Judge for the Eastern District of Louisiana, a copy of the petition and brief in support, together with a copy of this order; such respondent may, if he so desires, file a response to such petition with or without supporting brief, in four legible typewritten copies, within twenty (20) days from the date of his receipt of a copy of this order. Any further reply briefs or memoranda desired to be considered must thereafter be filed in like form and exchanged between opposing counsel within fifteen (15) additional days, after which this matter will again be taken under submission in due course on the petition, the response, and any additional briefs filed, and without benefit of oral argument, unless the parties advise by that date that oral argument is desired.
 
 
 
 [1]
 See Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 1950, 178 F.2d 866, 868; In re Josephson, 1 Cir., 1954, 218 F.2d 174, 177; Hart & Wechsler, The Federal Courts and the Federal System, page 981
 
 
 [2]
 Said Act added to Section 1292 of Title 28, United States Code, an additional subparagraph lettered (b) to read as follows:
 '(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district court or the Court of Appeals or a judge thereof shall so order.'
 
 
 [3]
 Ex parte Fahey, 1947, 332 U.S. 258, 261, 67 S.Ct. 1558, 91 L.Ed. 2041; Ex parte Morgan, 1885, 114 U.S. 174, 175, 5 S.Ct. 825, 29 L.Ed. 135; In re Atlantic City Railroad Co., 1897, 164 U.S. 633, 635, 17 S.Ct. 208, 41 L.Ed. 579; Ex parte Roe, 1914, 234 U.S. 70, 73, 34 S.Ct. 722, 58 L.Ed. 1217; Ex parte Park Square Automobile Station, 1917, 244 U.S. 412, 414, 37 S.Ct. 732, 61 L.Ed. 1231; Ex parte Riddle, 1921, 255 U.S. 450, 451, 41 S.Ct. 370, 65 L.Ed. 725; Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 27, 28, 29, 63 S.Ct. 938, 87 L.Ed. 1185; Ex parte Newman, 1871, 14 Wall. 152, 165, 20 L.Ed. 877; Bayard v. United States ex rel. White, 1888, 127 U.S. 246, 8 S.Ct. 1223, 32 L.Ed. 116; In re Morrison, 1893, 147 U.S. 14, 13 S.Ct. 246, 37 L.Ed. 60; Ex parte American Steel Barrel Co., 1913, 230 U.S. 35, 45, 33 S.Ct. 1007, 57 L.Ed. 1379