CLD-007                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2961
_____

In re:  MICHAEL WEST,
                                               Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 2:12-cr-00332-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 11, 2018
Before:  CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 19, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Michael West is serving a 95-month prison sentence pursuant to a June 2012

guilty plea entered in the District Court.  West's efforts to vacate his sentence under 28

U.S.C. § 2255(a) have thus far been unsuccessful.  He now has filed this petition for a

writ of mandamus, in which he requests "immediate release," based on perceived defects

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

in the proceedings that led to his conviction and sentence.[1] To file another collateral attack on his conviction and sentence, however, West must follow the procedures outlined in 28 U.S.C. § 2244 and present an application with the kind of claim(s) prescribed by § 2255(h). See United States v. Peppers, 899 F.3d 211, 220 (3d Cir. 2018). He has not done so. Mandamus and the other extraordinary writs are not available to inmates like West who merely want to avoid the gatekeeping requirements of §§ 2244 and 2255(h). See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam); cf. Ex parte Riddle, 255 U.S. 450, 451 (1921) ("Ordinarily, at least, [mandamus] is not to be used when another statutory method has been provided for reviewing the action below, or to reverse a decision of record.").[2] Accordingly, the petition for a writ of mandamus will be denied.

---

[1] West has also filed in this matter a so-called "Omnibus Motion to Amend to dismiss Indictment pursuant to 18 U.S.C. § 3731 and Fed. R. Civ. P. 4." That motion is denied.

[2] A federal inmate who has already file a § 2255 motion can proceed in the District Court under 28 U.S.C. §§ 2241 and 2255(e) with a subsequent collateral attack, without having to satisfy §§ 2244 and 2255(h), in the rare case that an intervening decision by the U.S. Supreme Court holds that the conduct of which the inmate was convicted is no longer criminal, so long as there was no earlier opportunity to present such a claim. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); see also Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017) (observing that § 2255(e) "permits a prisoner to challenge his detention when a change in statutory interpretation raises the potential that he was convicted of conduct that the law does not make criminal"). West's petition for a writ of mandamus does not reveal circumstances for which § 2255(e) might be useable.