UNITED STATES of America
v.
Daniel MACKLIN et al., Defendants.

No. 73–CR–497.

United States District Court,
E. D. New York.

Jan. 29, 1975.

Albert H. Socolov, New York City, for defendants.

David G. Trager, U. S. Atty., E. D. New York by Edward R. Korman, Asst. U. S. Atty., for the Government.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, Chief Judge.

Defendants move, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, for an order dismissing the indictment against them. In addition, defendant Macklin moves to withdraw his plea of guilty to the indictment.

As a basis for both motions defendants assert that the court was without jurisdiction over the offense charged because the term of grand jury which handed down the indictment had been improperly extended. In his decision in United States v. Fein, 370 F.Supp. 466 (E.D.N.Y.1974), Judge Dooling determined that this same grand jury had been invalidly extended. Judge Dooling concluded that as a result of this fact, the indictments prepared by the grand jury were invalid. *Id.* at 468–69. In addition, he pointed out that this defect was not merely a technical irregularity which was waived by entry of a guilty plea. Instead, Judge Dooling found that this was an error "that goes to jurisdiction." *Id.* at 469. The Court of Appeals affirmed the *Fein* decision, 504 F. 2d 1170 (2d Cir. 1974). *Cf.* Wax v. Motley, 510 F.2d 318 (2d Cir. 1975).

█ On the authority of *Fein* the defendant Daniel Macklin's plea is withdrawn and the indictment dismissed as against him. The government argues that although the improper extension made the grand jury's indictment invalid, this objection was waived by defendant's entry of a plea of guilty. In support of this position the government asserts that the language of Rule 12(b)(2) includes as objections which are waived by the entry of a plea irregularities such as the "illegal . . . organization" of the grand jury. In addition, the government points to two recent decisions of the Supreme Court in which it was determined that entry of a guilty plea had the effect of waiving objections to the unconstitutional formation of the grand jury. Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

█ However, the situation is different where, as here, the defect is one which renders the grand jury's actions void *ab initio*. Since the grand jury had no power to indict, the court had no jurisdiction over the defendant. Furthermore, a defect of this nature can be raised at any time in the proceedings; it cannot be waived.

█ Nor can the indictment be saved by the suggestion, advanced by the government, that Macklin's plea to the invalid indictment was in effect a plea to an information, since the United States Attorney signed the indictment which was brought by him and the grand jury. Because Macklin faced a term of imprisonment in excess of a year if convicted, the fifth amendment required that he be proceeded against by an indictment returned by a grand jury.[1] His plea of guilty to the indictment cannot be interpreted as a waiver of that constitutional right.

█ The situation is different, however, with respect to the corporate defendants. As to these defendants the indictment is effective as a charging instrument because the corporation could be proceeded against by an information. The corporate defendants, unlike defendant Macklin, are not subject to any term of imprisonment if convicted of the charges against them. Accordingly, the charges against them are not "infamous" within the meaning of the fifth amendment, (see n. 1 *supra*). The indictment, signed by the United States Attorney, indicating his agreement with the grand jury in the institution of a criminal proceeding, is effective as an

---

1. The fifth amendment provides in relevant part that:

   "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." An infamous crime has been defined as one which is punishable by imprisonment for a term exceeding one year. *E.g.* Green v. United States, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958).

information. United States v. Wright, 365 F.2d 135, 137 (7th Cir. 1966). Therefore the defect in the grand jury proceeding does not render the indictment invalid against the corporations. Instead, the indictment is proper as an information and the motion to dismiss the indictment is denied.

Defendant Macklin's motions to dismiss and to withdraw his plea are granted; the corporate defendants' motion to dismiss is denied and it is

So ordered.

The court finding that the indictment filed is a nullity, the indictment as against the defendant, Daniel Macklin, is dismissed on the court's own motion, and it is

So ordered.