**In re SPECIAL GRAND JURY IMPANELED FEBRUARY 12, 1976.**

**Appeal of George KAUFMAN et al.**

**No. 77-1410.**

United States Court of Appeals, First Circuit.

Argued Oct. 3, 1977.

Decided Dec. 7, 1977.

Martin G. Weinberg, Boston, Mass., with whom Judith H. Mizner and Oteri & Weinberg, Boston, Mass., were on brief, for appellants.

John R. Tarrant, III, Sp. Atty., U. S. Dept. of Justice, Washington, D. C., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., and Gerald E. McDowell, Sp. Atty., U. S. Dept. of Justice, Washington, D. C., were on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, CRARY, District Judge.*

COFFIN, Chief Judge.

Two appellants, incarcerated for refusal to testify before a grand jury and committed until they testify or during the life of the grand jury (not to exceed eighteen months), seek habeas corpus on the ground that the life of that jury has expired. Their claim is that the grand jury, although denominated a "special grand jury", 18 U.S.C. § 3331(a), which is capable of having

---

* Of the Central District of California, sitting by designation.

its life extended up to thirty-six months, was not properly impaneled as an "additional special grand jury", in accordance with 18 U.S.C. § 3332(b) and therefore is really a regular grand jury, which may not serve more than eighteen months. Fed.R.Crim.P. 6(g).

In this case one special grand jury (the "Hill" grand jury) had been impaneled on June 10, 1974 and had been extended to June 10, 1976. On January 28, 1976 an Assistant United States Attorney filed the following request with the district court: "It is requested that a new special grand jury be impanelled to replace the Hill Grand Jury." On February 12, 1976, new grand jurors were sworn in as a special grand jury, pursuant to the Organized Crime Control Act of 1970, Chapter 216 of the Criminal Code, 18 U.S.C. §§ 3331–3334.[1] The court instructed them in the background and nature of the legislation authorizing special grand juries and in their duties. Early in its remarks the court stated: "Now there is another Special Grand Jury serving currently, but their service is about to conclude and so that's why you men and women have been summoned in, to pick up you might say the work of the Special Grand Jury . . . ."

Appellants' argument is that section 3332(b) limits a court's authority to impanel overlapping special grand juries by requiring, in the words of their brief, "a finding of excessive volume of business as a necessary prerequisite to the valid impanelment of the second grand jury." It is true that the request of the Assistant United States Attorney was most meager and lacked any reference to the capacity of the sitting special grand jury; it merely asked for a re-

placement. But the court clearly stated its reason for convening the second jury: the work of the first "is about to conclude and so that's why you men and women have been summoned in, to pick up . . . the work of the Special Grand Jury . . . ."[2]

The court could, of course, have spoken in the statute's terms of volume of business exceeding capacity, but it seems transparently clear to us that if an old jury is about to conclude its work, any substantial amount of new work would be in excess of its capacity. Appellants apparently look upon § 3332(b) as requiring an adjudication of excessive volume, i. e., a "finding" based upon facts relevant to such a finding. Apart from the fact that the statute uses the words "Whenever the district court determines", this adjudicative format would make little sense unless a determination of excessiveness of volume were to be reviewable—a defendant's asylum which appellants do not suggest. It seems to us that the facial purpose of the statute is to avoid the unnecessary proliferation of special grand juries, an objective fully accomplished by the court's recognition that the work of one jury was coming to an end and that there was still work to "pick up".

Appellants cite no cases on point. They seek support from *United States v. Fein,* 370 F.Supp. 466 (E.D.N.Y.), *aff'd,* 504 F.2d 1170 (2d Cir. 1974), but that case dealt with a grand jury specifically convened, in the words of the order, "pursuant to Rule 6(a) and (g), . . . to serve for a period not to exceed eighteen (18) months from the date it is convened . . . ." 504 F.2d at 1171.[3] Both the district court and court of

---

1. Section 3331 states in relevant part: "In addition to such grand juries as shall be called from time to time, each district court which is located in a judicial district containing more than four million inhabitants . . . shall order a special grand jury to be summoned at least once in each period of eighteen months unless another special grand jury is then serving."

Section 3332(b) reads: "Whenever the district court determines that the volume of business of the special grand jury exceeds the capacity of the grand jury to discharge its obligations, the district court may order an additional

special grand jury for that district to be impaneled.

2. In fact, the Hill jury sat for the last time on January 29, 1976.

3. The district court had further observed that a section 3331 special grand jury had been convened less than two months before the grand jury whose nature was in issue and that "It does not appear that any determination was made that the volume of the business of that Grand Jury exceeded its capacity to discharge

appeals held that such a jury was a regular grand jury, which could not be converted into a special grand jury with its capacity of being extended under 18 U.S.C. § 3331.[4]

A more recent case from the same circuit, *Wax v. Motley*, 510 F.2d 318 (2d Cir. 1975), seems closer to the problem we face. In *Wax*, a challenge was made to an indictment on the ground that it had issued during an illegal extension of a grand jury. The defendant, as here, contended that the grand jury was not a Chapter 216 special grand jury and could not be extended. The order convening the grand jury was completely ambiguous; it referred neither to § 3331 nor, as in *Fein*, to Rule 6(a) and (g). It did not, as in *Fein*, specify an 18 month period. The court noted that the district court had recited that the United States Attorney had verified in writing "that the exigencies of public service required the empanelling of an additional grand jury for the disposal of Government business", 510 F.2d at 320.

The court held, in the face of the patent ambiguity of the order, that "In these limited circumstances, it is open . . . for the court to correct its own judgment if, indeed, the ambiguity resulted from initial error in drafting the order." *Id.* It affirmed the action of the district judge presiding in the case challenging the indictment who received affidavits from the impaneling judge, the United States Attorney, and others, who concluded "that the grand jury which returned this indictment was intended to be and was consistently treated as a special grand jury." *Id.* at 321. The court of appeals acknowledged that under *Fein* the fact of treatment as a special grand jury would be of no avail "if the original order negated such a construction" but added, "Here it did not." *Id.* In short, the court approved, without requiring an adversary hearing, a *nunc pro tunc* amendment to reflect the original intention of the order.

In the case at bar there is no question as to the clarity of the order in specifying the character of the grand jury or its source of authority. At most there is a semantic quibble as to the adequacy of the court's determination of need. We need not go so far as the court did in *Wax* to hold that the special grand jury was properly convened and therefore was properly extended.

*The judgments are affirmed.*

its obligations, or that the March Grand Jury that found the present indictment was ordered into existence to make up for such a want of capacity." 370 F.Supp. at 467. Here, in contrast, the earlier special grand jury had served for 20 months, and the court specifically noted that the new jury was ordered into existence to "pick up" the work of the special grand jury.

4. In *United States v. Gurney*, 393 F.Supp. 688 (M.D.Fla.1974) a grand jury, although labelled "Special" by the judge in impaneling it, was held to be a regular grand jury because there had been no request from the Attorney General or designated representative in his office and because another section 3331 special grand jury was then sitting and no attempt had been made to comply with Chapter 216. The court, in referring to the need for a request from the Attorney General, seems to have confused the requirement of § 3331(a), applicable only to a district's first special grand jury, with § 3332(b), which allows a court to order an additional grand jury without any such request. In any event, the case does not address the question of what a court must do to comply with § 3332(b).